KUDNER *v.* BATH.

MECHANICS' LIENS — ASSIGNMENT — BANKRUPTCY PROCEEDINGS — SETTLEMENT—NOTICE.

    An assignee of a mechanic's lien is not affected by a settlement, made without notice to him, between the owner of the land and the trustee in bankruptcy of the assignor, appointed in proceedings instituted subsequent to the assignment.

Appeal from Wayne; Donovan, J. Submitted October 22, 1903. (Docket No. 65.) Decided December 22, 1903.

Bill by Charles Kudner against Charles Bath, Howard B. Latourette, and Elizabeth M. Frelinghuysen to enforce a mechanic's lien. From a decree for complainant, defendant Latourette appeals. Affirmed.

This is a proceeding in chancery to foreclose a mechanic's lien by the complainant, as assignee of one James M. Young. Defendant Latourette is the assignee of a land contract from defendant Frelinghuysen. Bath was the purchaser from Latourette. The bill was taken as con-

fessed against Bath and Frelinghuysen. Young had a contract with Bath to do the brickwork upon the house to be erected upon the land for $734. Bath paid him $255. Young did extra work amounting to $13.90. Young made out his bill against Bath, showing a balance due of $492.90, and duly assigned the same to the complainant. The answer sets up that on September 11, 1900, Young was adjudged a bankrupt, and that on the 21st day of February, 1901, defendant settled Mr. Young's claim with the trustee in bankruptcy, by order of the bankruptcy court, for $50. It was claimed that the work of Mr. Young was improperly done. The court rendered a decree in favor of complainant for $204.63.

By the terms of the assignment and the contemporaneous power of attorney, the purpose of the assignment was (1) to pay complainant for services rendered and to be rendered to Young, (2) to settle with and pay the laborers and materialmen whom Young owed, and (3) to pay any balance over to Mr. Young. Settlements with the laborers and materialmen were effected, the amounts being paid by Mr. Latourette. The assignment to complainant was made August 28, 1900, petition in bankruptcy filed the 11th of September, 1900, and an amendment thereto filed September 25th, stating that the assignment was made to secure the payment of certain labor and other claims. On October 12th of the same year Mr. Bath filed a petition in the bankruptcy case, setting forth that he was named as debtor of said bankrupt to the extent of $492, and averring that, if the assignment to complainant was valid, he was not indebted to the bankrupt estate. On February 21, 1901, the trustee in bankruptcy filed a petition setting forth that there was a dispute between Young and Bath as to the amount due from Bath to Young, and that Bath offered to pay $50 in full settlement, and recommending that the offer be accepted. On the same day an order to that effect was made, and defendant Latourette paid the $50 to the trustee in bankruptcy, receiving his receipt in full therefor.

*Charles Kudner, in pro. per.*

*Wilkinson, Post & Oxtoby,* for appellant. ·

GRANT, J. *(after stating the facts).* The defenses are that complainant can claim no lien against the property, (1) because Mr. Latourette, without notice of complainant's rights, settled the balance due to Young under the order of the bankruptcy court; (2) that the complainant was not entitled, under his assignment, to a lien for services performed by him after Mr. Young was adjudicated a bankrupt, but should be limited to what was due at that time.

Mr. Young, after his assignment, could not affect complainant's rights by any statement he might make in his petition to be declared a bankrupt, unless such statement were ratified by the complainant. The assignment is conceded to be valid, and the proceedings to enforce the lien regular. Complainant neither did nor said anything to now estop him from asserting his rights under the assignment. He had no notice or knowledge of the proposed settlement in the bankruptcy court. Under the assignment, complainant had the right to proceed, by suit or otherwise, to collect, had a lien upon the amount recovered for his services, and was entitled to deduct the same from the amount collected. The sole effect of the bankruptcy proceedings was to change the payee of the surplus. They did not affect the legal rights or interest of complainant in or to the subject-matter of the assignment. Any balance which would become due after paying the claims secured, and complainant for his services, became payable to the trustee in bankruptcy, instead of Mr. Young.

Decree is affirmed.

MOORE, CARPENTER, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.